UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA,

                                     Plaintiff,

                -against-

THE REPUBLIC OF ARGENTINA,

                                  Defendant.
-------------------------------------------------------------- x

No. 06 Civ. 6221 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/09

## [~~PROPOSED~~] ORDER TO SHOW CAUSE

**UPON READING AND FILING** of the accompanying Declaration of David Dunn, Esq., dated January 6, 2009, with the exhibits annexed thereto, the accompanying Memorandum of Law, dated January 7, 2009, and upon all of the papers, pleadings, and all prior proceedings in the above-captioned actions,

**LET THE DEFENDANT HEREIN SHOW CAUSE**, before Judge Thomas P. Griesa, Room 26B, at the United States Courthouse located at 500 Pearl Street, New York, on the ___ day of January 2009 at 4:30 p.m., or as soon thereafter as counsel may be heard, why an Order should not be made and entered:

    (a)    Authorizing the U.S. Marshals Service to serve Writs of Execution, pursuant to Fed. R. Civ. P. 64 and 69, N.Y. CPLR 5232, 5225, 5227 and 28 U.S.C. § 1610(c), on the Republic of Argentina (the "Republic"), Administración Nacional de Seguridad Social ("ANSES"), the Administradoras de Fondos de Jubilaciones y Pensiones ("AFJPs"), the entities that own or control the AFJPs, and certain custodians and/or any garnishee subsequently determined through discovery to be within the jurisdiction of the Court, with respect to any property (whether real or personal, tangible or intangible, presently existing or hereafter arising)

which could be assigned or transferred pursuant to CPLR 5201, including but not limited to cash, deposits, real property, instruments, securities, security entitlements, security accounts, equity interests, claims, and contractual rights, and interests of any kind in the foregoing, held or maintained in the name of or for the use or benefit of:

(i)  ANSES, such property hereafter collectively referred to as "ANSES Property"; or

(ii) any of the following Argentine Pension Funds ("Fondo de Jubilaciones y Pensiones", hereafter collectively "FJP Funds"), which the Republic has announced plans to nationalize, such property hereafter collectively referred to as "FJP Property":

1. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Arauca Bit AFJP SA.

2. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Consolidar AFJP SA.

3. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Futura AFJP SA.

4. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Maxima SA AFJP.

5. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Met AFJPSA.

6. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Nación AFJP SA

7. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Orígenes AFJP SA.

8. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Previsol AFJP SA.

9. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Profesión+Auge AFJP.

10. The Argentine Fondo de Jubilaciones y Pensiones that is managed by Unidos SA AFJP.

NY - 027194 000001 - 1126010 v1

For the avoidance of doubt and without limiting the foregoing, ANSES Property and FJP Property shall include all securities beneficially owned by an FJP Fund or ANSES, regardless of where those securities are traded, the issuers located, or certificates representing those securities are ultimately held.

(b)     Authorizing the issuance of Restraining Notices, pursuant to N.Y. CPLR 5222, 28 U.S.C. § 1610(c) and Fed. R. Civ. P. 69(a), directed to the Republic, ANSES, the AFJPs, the entities that own or control the AFJPs, and certain custodians and/or any garnishee subsequently determined through discovery to be within the jurisdiction of the Court that holds or maintains any FJP Property or ANSES Property, from taking any action or issuing any instruction to repatriate any FJP Property or ANSES Property to Argentina.

(c)     Authorizing expedited discovery pursuant to Fed. R. Civ. P. 26 and 69 from the Republic, ANSES, the AFJPs, the entities that own or control the AFJPs, and certain custodians the entities that own or control the AFJPs and/or any garnishee which may subsequently be identified through discovery to be within the jurisdiction of the Court, concerning and identifying property that is to be nationalized or contemplated by the Republic to be nationalized or confiscated by or at the direction of the Republic and therefore available to satisfy Plaintiff's final money judgments entered by this Court against the Republic; and

(d)     granting such other and further relief as this Court may deem just, proper and necessary under the circumstances.

**SUFFICIENT CAUSE BEING ALLEGED THEREFORE, IT IS HEREBY:**

**ORDERED THAT** Plaintiff is authorized to deliver to the U.S. Marshals Service Writs of Execution, pursuant to Fed. R. Civ. P. 64 and 69, N.Y. CPLR 5232, 5225, 5227 and 28 U.S.C. § 1610(c), directed to the Republic, ANSES, the AFJPs, the entities that own or control the

AFJPs, and certain custodians and/or any garnishee subsequently determined through discovery to be within the jurisdiction of the Court, so as to maintain priority pursuant to N.Y. CPLR 5232(a) and 5234(b) in relation to other creditors of the Republic while Plaintiff's application is pending. The Notice of Levy shall specify in accordance with CPLR 5232 that it applies to FJP Property and ANSES Property, as defined above. The U.S. Marshals Service is directed to defer serving the Writs of Execution or levying upon any FJP Property or ANSES Property until further order of this Court. Pursuant to CPLR 5232(a), Plaintiff's priority is hereby extended as necessary beyond 90 days until such time as the Court finally resolves Plaintiff's application.

**IT IS FURTHER ORDERED THAT** Plaintiff is authorized pursuant to N.Y. CPLR 5222, 28 U.S.C. § 1610(c) and Fed. R. Civ. P. 69(a), to issue Restraining Notices to the Republic, ANSES, the AFJPs, the entities that own or control the AFJPs, and certain custodians and/or any garnishee subsequently determined through discovery to be within the jurisdiction of the Court that may hold FJP Property or ANSES Property, restraining the recipient from taking any steps or issuing any instructions to repatriate, either directly or indirectly, any FJP Property or ANSES Property to Argentina. The Restraining Notices shall specify in accordance with this Order that they are limited to restraining the transfer or removal of FJP Property or ANSES Property to Argentina and shall specify that they do not prevent or restrain the day-to-day operation or investment management of any FJP Property or ANSES Property so long as that property is not repatriated to Argentina (or for the avoidance of doubt moved or transferred from one location or account for the purpose of evading the Restraining Notice as directed to a particular entity or otherwise for the purpose of transferring or removing FJP Property or ANSES Property to Argentina through a combination or series of intermediate steps).

NY - 027194 000001 - 1126010 v1

**IT IS FURTHER ORDERED THAT** personal service of this Order to Show Cause and the papers upon which it is based, upon counsel for Argentina, Clearly, Gottlieb, Steen & Hamilton, One Liberty Plaza, New York 10006, attention Jonathan Blackman, Esq., on or before the 2nd day of January, 2009, shall be deemed good and sufficient service;

**IT IS FURTHER ORDERED THAT** opposing papers, if any, are to be served upon counsel for Plaintiff, Hogan & Hartson LLP, 875 Third Avenue, New York, NY 10022, attention David Dunn, Esq., so as to be received by 5:00 p.m. on the 14th day of January, 2009.

January 7, 2009
1:15 p.m.

SO ORDERED

*Thomas P. Griesa*
Thomas P. Griesa, U.S.D.J.